UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRAVADO INTERNATIONAL GROUP MERCHANDISING SERVICE, INC., and BRAVADO INTERNATIONAL GROUP, LTD. <br><br> Plaintiffs, <br> v. <br><br> PHILIP CUSHWAY a/k/a PHIL CUSHWAY and ARTROCK, INC., <br><br> Defendants. | No. 06-2311 SC <br><br> ORDER GRANTING DEFENDANTS' MOTION TO <u>FILE AMENDED ANSWER</u> |

**I.   INTRODUCTION**

Defendants Philip Cushway and Artrock, Inc. ("Defendants") filed a Motion for Leave to File an Amended Answer pursuant to Federal Rule of Civil Procedure 15(a).  Dkt. No. 17.  Plaintiffs Bravado International Group Merchandising Services, Inc. and Bravado International Group Limited ("Plaintiffs") filed a notice of non-opposition to Defendants' Motion.  Dkt. No. 18.

**II.   BACKGROUND**

Defendants have been publishing and selling rock art posters for the past seventeen years.  Plaintiffs are merchandising companies who have licenses to use the names, likenesses, and trademarks of the music groups The Who, Led Zeppelin, and Depeche Mode for publishing and selling posters and other products.

1  Plaintiffs allege that certain of Defendants' posters violate
2  Plaintiffs' trademark rights.  In their Motion, Defendants seek to
3  amend their Answer to: 1) add new affirmative defenses, 2) make
4  revisions to several existing affirmative defenses, 3) make
5  revisions to ¶ 13 of the first counterclaim, and 4) make revisions
6  to the Prayer for Relief.

### III. LEGAL STANDARD

After a response has been filed, a party may amend its pleadings "only by leave of court or by written consent of the adverse party."  Fed. R. Civ. P. 15(a).  Rule 15(a) provides for the amendment of pleadings by leave of court and states that leave "shall be freely given when justice so requires."  Id.  This rule is applied with "extreme liberality."  Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1051 (9th Cir. 2003).  Nonetheless, the decision to grant or deny a motion to amend is committed to the discretion of the district court, and the court may deny leave where there is "any apparent or declared reason" for doing so.  Foman v. Davis, 371 U.S. 178, 182 (1962).  The Ninth Circuit has identified "four factors relevant to whether a motion for leave to amend pleadings should be denied: undue delay, bad faith or dilatory motive, futility of amendment, and prejudice to the opposing party."  United States v. Webb, 655 F.2d 977, 980 (9th Cir. 1981).  "Prejudice is the touchstone of the inquiry under rule 15(a)."  Eminence Capital, 316 F.3d at 1052.  Absent prejudice, there is a presumption in favor of granting leave to amend.  Id.

## IV. DISCUSSION

In this case, Plaintiffs gave notice that they do not oppose Defendants' Motion to Amend. Dkt. No. 18. This indicates that Plaintiffs will not suffer prejudice if the Court grants leave to amend. The remaining three factors also weigh in favor of permitting amendment. First, there is no evidence of undue delay. Defendants contacted Plaintiffs several times to discuss a stipulation to amend the answer and filed their Motion soon after agreement could not be reached. See Gordet Decl., ¶ 2. Similarly, there is no evidence of bad faith, dilatory motive, or that amendment would be futile.

In summary, the relevant factors weigh in favor of granting leave to amend; there is no evidence in the record that Defendants' Motion to Amend constitutes undue delay, bad faith, futility of amendment, or prejudice to the opposing party.

## V. CONCLUSION

For the reasons stated herein, Defendants' Motion for Leave to File an Amended Answer is GRANTED. Upon receipt of this Order, Defendants should e-file a signed and dated Amended Answer.

IT IS SO ORDERED.

Date: December 15, 2006

_____
UNITED STATES DISTRICT JUDGE

3